IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DANNY RAY JONES, JR.,            )
                                 )
            Petitioner,          )
                                 )      1:16CV1159
     v.                          )      1:14CR294-2
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

This matter is before the court on Petitioner's motion to vacate, set aside, or correct sentence made pursuant to 28 U.S.C. § 2255. (Doc. 161.) The Government has filed a response, (Doc. 175), and Petitioner has not filed a reply. The issues are ripe for ruling. For the reasons that follow, this court denies on the merits all of Petitioner's claims except his claim that his counsel provided constitutionally ineffective assistance by failing to appeal, as to which claim the court will defer adjudication pending an evidentiary hearing.

**I.  BACKGROUND**

Petitioner was charged in a multicount Indictment alleging a violation of 21 U.S.C. § 846 (Count One) and multiple violations of 21 U.S.C. §§ 841(a)(1) and 860 (Counts Two, Three,

Four, Five, Six, Eight, Nine, Ten, Twelve, Thirteen, Fourteen, Sixteen, Seventeen, Nineteen, Twenty, Twenty-One, and Twenty-Two. (Indictment (Doc. 13).) 21 U.S.C. § 860 makes it a crime to violate 21 U.S.C. § 841(a)(1) within 1,000 feet of a protected area, in this case a playground. (See id.) The Indictment also included forfeiture allegations. (Id.)

Petitioner entered a plea of guilty to Count One, Object Two and Count Three on June 4, 2015, pursuant to a written plea agreement. (Plea Agreement (Doc. 108.) On September 15, 2015, Petitioner was sentenced to 132 months of imprisonment on Count One, Object Two, and a concurrent 132-month sentence on Count Three. (Judgment (Doc. 145); Minute Entry 09/15/2015.) Petitioner did not appeal the sentence. On September 19, 2016, Petitioner filed this motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Motion to Vacate, Set Aside, or Correct Sentence ("Pet'r's Mot.") (Doc. 161).) The Government filed a response, (Response to Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence) ("Resp't's Resp.") (Doc. 175)), and Petitioner did not file a reply. The issues are ripe for ruling.

In the motion, (Doc. 161), Petitioner alleges ineffective assistance of counsel in a variety of ways all in relation to sentencing issues. (See id.)

## II. **ANALYSIS**

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

To demonstrate ineffective assistance of counsel, as alleged here, a petitioner must establish: (1) that his attorney's performance fell below a reasonable standard for defense attorneys, and (2) that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). With respect to the first prong, the petitioner bears the burden of affirmatively showing that his counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688-89; Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). With respect to the second prong, the

petitioner must show that prejudice resulted from the deficient performance, that is, that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. A reasonable probability is one "sufficient to undermine confidence in the outcome." Spencer, 18 F.3d at 233 (citing Strickland, 466 U.S. at 694). To obtain a hearing or any form of relief, "a habeas petitioner must come forward with some evidence that the claim might have merit." Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). The petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), vacated on other grounds, 218 F.3d 310 (4th Cir. 2000) (en banc).

Petitioner raises four grounds in his petition. Those grounds are described as follows: (1) Petitioner contends that his attorney, Walter Holton, Jr. did not file a Notice of Appeal despite Petitioner's request to do so; (2) Petitioner contends that Holton never objected at sentencing to the PSR enhancements under USSG § 2D1.1(b)(1) for firearm possession and USSG

§ 2D1.1(b)(12) for drug premises; (3) Petitioner contends that Holton failed to object at sentencing to the PSR's erroneous criminal history points calculation; and (4) Petitioner contends that the court refused to apply USSG §§ 5K2.13 and 5H1.3 concerning mental defects at Petitioner's sentencing. (Pet'r's Mot. (Doc. 161) at 4-8.)

Petitioner does not challenge his guilty plea nor does Petitioner allege there were any irregularities in his Rule 11 hearing. This court has separately reviewed the Rule 11 transcript, (Transcript of Change of Plea (Doc. 169)), and concludes that the guilty plea was knowing and voluntary, and that the hearing complied with Fed. R. Crim. P. 11.

> [C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. . . . Thus, in the absence of extraordinary circumstances, . . . a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the [defendant's] sworn statements.

United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

With respect to the guilty plea and the factual basis Petitioner knowingly and willfully entered at the Rule 11 hearing, "[a] movant's 'declarations in open court carry a strong presumption of verity,' and a prisoner found guilty based on a guilty plea is 'bound by the representations he makes under oath during a plea colloquy' unless he provides 'clear and

convincing evidence to the contrary.'" Colley v. United States, Nos. 1:15-cr-203(LMB); 1:16-cv-1297(LMB), 2017 WL 1362031, at *4 (E.D. Va. Mar. 24, 2017) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977) and Fields v. Attorney Gen. of State of Md., 956 F.2d 1290, 1299 (4th Cir. 1992)).

### A. Ground Two: Petitioner's allegations as to counsel's failure to object to adjustments to the Base Offense Level under U.S.S.G. § 2D1.1(b)(1) and 2D1.1(b)(12)

Petitioner contends counsel was ineffective for failing to object to the firearm adjustment under 2D1.1(b)(1) and to the premises adjustment under U.S.S.G. § 2D1.1(b)(12).

U.S.S.G. § 2D1.1(b)(1) (2014) provides: "(1) If a dangerous weapon (including a firearm) was possessed, increase by 2 levels." The application notes provide the following guidance: "The enhancement for weapon possession in subsection (b)(1) reflects the increased danger of violence when drug traffickers possess weapons. The enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S. Sentencing Guidelines Manual § 2D1.1, cmt. n.11(A) (U.S. Sentencing Comm'n 2014); United States v. Manigan, 592 F.3d 621, 628 (4th Cir. 2010). "[P]roof of constructive possession of the dangerous weapon is sufficient, and the Government is entitled to rely on

circumstantial evidence to carry its burden." Manigan, 592 F.3d at 629.

Petitioner contends that he "demanded that Holton Jr. object to the sentencing enhancements in the PSR for firearm possession . . . when Jones was never in possession of any firearms during the offenses he was convicted of." (Pet'r's Mot. (Doc. 161) at 5.)

Petitioner's counsel responds as follows:

> [A] witness was prepared to testify that certain guns found in a lake on the property where Danny Jones, Jr. lived belonged to Danny Jones, Jr. and, at his request as recorded in a phone conversation from the jail, she had disposed of the guns in the lake.
>
> Mr. Jones expressed to me his agreement with my recommendation that an objection to these enhancements would be futile and, in fact, such an objection could result in adverse consequences regarding his 3-point reduction for acceptance of responsibility.

(Resp't's Resp. (Doc. 175) Ex. A, Affidavit of Walter C. Holton, Jr. ("Holton Aff.") (Doc. 175-1) ¶¶ 6-7.) Petitioner has not responded to counsel's affidavit.

On September 15, 2015, Petitioner appeared for sentencing. (Docket Entry 9/15/2015.) At the start of the hearing, this court inquired of Petitioner as follows:

> THE COURT: All right. Mr. Jones, have you reviewed the presentence report with Mr. Holton?
>
> THE DEFENDANT: Yes, sir, Your Honor.
>
> THE COURT: Do you have any objections to the report?

THE DEFENDANT:  No, sir, Your Honor.

(Sentencing Transcript ("Sentencing Tr.") (Doc. 171) at 2.) The presentence report was adopted. (Id.) In pertinent part, the Presentence Report, as agreed-to by Petitioner, contains the following factual information:

> Based on information received, on August 19, 2014, law enforcement officers conducted a consensual search of a pond located on the property of Danny Ray Jones, Sr. During an underwater search of the pond, officers located a Numrich Arms Horkins and Allen The "Off Hand" rifle (a black powder rifle) (no serial number), a Parma D'Armes Degeurre (serial number 8898), a Model88 [sic] Mossberg 12 gauge shotgun (serial number MV50394U), and a Remington 243 with scope (serial number M71824484). The Remington 243 with a scope was stolen from Person County, NC. Based on further investigation, including recorded telephone calls from Danny Ray Jones, Jr. at the local jail, it was determined that the firearms belonged to Danny Ray Jones, Jr. and that he had made a request that the guns be removed from his home and thrown in the pond.

(Presentencing Report ("PSR") (Doc. 132) ¶ 13.)

A movant's "declarations in open court carry a strong presumption of verity," Blackledge, 431 U.S. at 74. While Petitioner's statements at the sentencing hearing were not made under oath, those statements are a representation to the court. Here, Petitioner represented he had no objections to the Presentence Report, and the report contains both direct and circumstantial evidence that Petitioner did in fact possess firearms as part of the offense conduct and made efforts to hide

that evidence following his arrest. Petitioner's claim on this ground should be dismissed.

With respect to his second allegation of ineffective assistance of counsel for failing to object to an adjustment under U.S.S.G. § 2D1.1(b)(12) (2014), that Guideline provides: "If the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels." Application Note 17 provides that

> Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of the defendant's incidental or collateral uses for the premises. In making this determination, the court should consider how frequently the premises was used by the defendant for manufacturing or distributing a controlled substance and how frequently the premises was used by the defendant for lawful purposes.

U.S. Sentencing Guidelines Manual § 2D1.1, cmt. n.17 (U.S. Sentencing Comm'n 2014).

Petitioner contends that adjustment should not apply because "the residence['s] primary use was for habitation." (Pet'r's Mot. (Doc. 161) at 5.) The facts contained in the Presentence Report, and admitted to by Petitioner, are more than sufficient to establish that the Petitioner maintained his residence for the purpose of drug distribution. (See PSR (Doc. 132) ¶¶ 21, 24.)

Counsel's affidavit similarly recognizes that the adjustment arose from use of Petitioner's residence, but further describes Petitioner's drug distribution from his home:

> Regarding Ground Two in the defendant's motion, I discussed the enhancements of firearm possession and maintaining a premises for drug distribution. The government's witnesses were prepared to testify that numerous purchases of drugs occurred at the residence of Danny Jones, Jr., and that drugs were likewise stored at the residence. . . .
>
> Mr. Jones expressed to me his agreement with my recommendation that an objection to these enhancements would be futile and, in fact, such an objection could result in adverse consequences regarding his 3-point reduction for acceptance of responsibility.

(Holton Aff. (Doc. 175-1) ¶¶ 6-7.) Petitioner has not responded. This alleged ground for relief should be denied.

First, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt." United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) (quotation marks omitted). Petitioner offers nothing more than vague and conclusory allegations that he used his home as a residence, which in and of itself does not preclude application of this adjustment if drugs were distributed from the residence. "Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of

the defendant's incidental or collateral uses for the premises." U.S. Sentencing Guidelines Manual § 2D1.1, cmt. n.17 (U.S. Sentencing Comm'n 2014).

There is nothing about the fact the home was used for "habitation" that precludes application of the adjustment, and Petitioner fails to offer any facts that might have permitted counsel to challenge this adjustment.

Second, to establish ineffective assistance of counsel, Petitioner "bears the burden of affirmatively proving prejudice." <u>Bowie</u>, 512 F.3d at 120. If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." <u>Rhynes</u>, 196 F.3d at 232. To establish prejudice, Petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. <u>Strickland</u>, 466 U.S. at 694. Petitioner's allegation that the house was used for "habitation" fails to show that there is any reasonable probability the result of this proceeding would have been different.

### B. Ground Three: Petitioner's claim of ineffective assistance of counsel for failing to object to "to the PSR [sic] erroneous criminal history points calculation."

Petitioner claims that he was erroneously given 11 criminal history points. Petitioner argues that five of his prior convictions

> were sentenced on two separate days in 2009 and 2012 and should have been counted as single sentences per USSG 4A1.1(a)(2)(B) and should only have been 4 points total. In addition, all Jones['] prior sentences were for under 60 days they should have been assessed 1 point pursuant to USSG 4A1.1(c). Therefore, Jones['] criminal history points should have been 8 and [a] Criminal History IV.

(Pet'r's Mot. (Doc. 161) at 6.) Counsel responds by way of his affidavit that it was his "opinion that Danny Jones, Jr.'s criminal history was appropriately calculated as a category V. I shared my opinion with Mr. Jones and he did not request any objection to the category." (Holton Aff. (Doc. 175-1) ¶ 8,)

Regardless of counsel's representation, Petitioner is completely incorrect regarding his criminal history calculation. First, Petitioner did not receive any points as a result of any 2009 arrests and convictions. (See PSR (Doc. 132) ¶¶ 54, 55.) Second, Jones was sentenced for separate offenses on three different occasions in 2012. (See id. ¶¶ 59, 62, 63.) These offenses all had different offense and arrest dates. (See id.) Because each of the offenses involved a separate — and therefore

intervening — arrest, there is no basis upon which to count these as single sentences for purposes of the criminal history calculation. See U.S.S.G. § 4A1.2(a)(2) (2014) ("Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest.") The sentences in these cases were 90 days, (id. ¶ 59), 120 days, (id. ¶ 62), and 45 days, (id. ¶ 63), assigned the proper number of points, and Petitioner offers no facts to suggest that the sentences were not separated by an intervening arrest. This ground for relief should be dismissed.

    C.    **Ground Four: Petitioner alleges the court "refused to apply USSG 5K2.13 and 5H1.3 concerning mental defects at Jones' sentencing."**

Petitioner's full argument on this ground is as follows: "Before sentencing Jones was sent to FCI Butner for a mental evaluation and was diagnosed with PTSD, Personality Disorder, and Psychosis but the court refused to take Jones's [sic] mental defects in account at sentencing. Clearly Jones's [sic] mental defects were relevant to the criminal drug offenses." (Pet'r's Mot. (Doc. 161) at 8.)

First, The Government argues this claim is not cognizable in this § 2255 proceeding, (see Resp't's Resp. (Doc. 175) at 15-17), and this court agrees. "The Supreme Court has interpreted [28 U.S.C. § 2255(a)] such that if the alleged sentencing error

is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to a fundamental defect which inherently results in a complete miscarriage of justice." United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) (internal quotation marks omitted). Petitioner's allegation – that mental defects were relevant to sentencing – is a conclusion and insufficient to establish a ground for departure pursuant to U.S.S.G. §§ 5K2.13 or 5H1.3.

U.S.S.G. § 5K2.13 recognizes a downward departure may be appropriate if "the significantly reduced mental capacity contributed substantially to the commission of the offense" and Petitioner offers no fact to suggest any mental condition contributed to the commission of the offense. U.S.S.G. § 5H1.3 also recognizes a basis for a departure "if such [mental] conditions . . . are present to an unusual degree and distinguish the case from the typical cases." Petitioner offers no basis upon which to conclude any mental conditions were present to an unusual degree.

Furthermore, Petitioner acknowledged his review of the Presentence Report, and the absence of any objections to the report. (Sentencing Tr. (Doc. 171) at 2.) The Probation Officer reviewed the Mental Health issues in the Presentence Report, (PSR (Doc. 132) ¶¶ 87-89), and concluded there was no basis for

a departure or variance, (id. ¶¶ 112-13). Petitioner's conclusory allegations in this petition are not sufficient to establish any error on the part of this court. "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the [d]istrict [c]ourt." Dyess, 730 F.3d at 359.

Second, Petitioner points to no error on the part of counsel as to this claim, only that the court "refused" to apply these potential grounds for departure. This court did in fact give consideration to Petitioner's mental illness history, albeit as a ground for a variance, not a departure. This court stated:

> [T]his Court is not persuaded by the psychological evaluation, with the extensive mention of malingering, in terms of this Court being able to assign significant weight to that as a potentially mitigating factor. As a result, the Court finds that a variant sentence – that a sentence at the low end, or a variant sentence, would not result in a sentence that was sufficient but not greater than necessary in this case.

(Sentencing Tr. (Doc. 171) at 17.) Thus, while Petitioner may have suffered from some mental illness, his pattern of responses "is often associated with deliberate distortion and could be suggestive of malingering." (PSR (Doc. 132) ¶ 88.) Even if, as reported, the results could be considered as a "cry for help" or "as an extreme or exaggerated negative self-impression," (id.),

when weighed against the offense conduct, this court remains unpersuaded any mental illness experienced by Petitioner suggests a downward departure or variance is appropriate as stated on the record. Petitioner distributed crack cocaine and cocaine on a regular basis, he possessed firearms, maintained a premises, attempted to hide those firearms, all while allegedly maintaining some employment, all with no reported history of any mental illness or mental health treatment prior to his arrest in this case.

This court does not find any relief appropriate on this ground.

### D. Ground One: Petitioner alleges counsel was ineffective for failing to file a notice of appeal as requested

As to this ground, Petitioner alleges that "[a]fter sentencing Jones adamently [sic] requested that Holton Jr. file a Notice of Appeal but Holton Jr. neglected to do so. Jones has several grounds for appeal that are listed herein." (Pet'r's Mot. (Doc. 161) at 4.) Throughout the petition, Petitioner repeatedly states that he requested his attorney file a notice of appeal. (See e.g., id. at 5, 6, 7.) The petition is filed under oath. (Id. at 12.)

Counsel responds in his affidavit as follows:

> Immediately following the sentencing hearing, I discussed the possibility of appeal with Mr. Jones and he expressed his satisfaction with the outcome of the

>case and informed me that he did not wish to appeal.
>Regarding Mr. Jones' family, he asked that I keep in
>contact with his aunt, Gail Jones, regarding his case.
>
>I received the signed judgment on or about October 6,
>2015. On October 12, 2015, I had further discussions
>with Mr. Jones' aunt, Gail Jones, regarding the
>possibility of appeal. Ms. Jones advised me by
>telephone that she had spoken with Mr. Jones that day
>to further inquire about appeal, and she relayed to me
>the message from him that he did not wish to appeal.
>
>At no time during sentencing or following did Mr.
>Jones request that I enter notice of appeal on his
>behalf, but rather he indicated his satisfaction with
>the result and that he did not wish to file a notice
>of appeal. Mr. Jones received an excellent result in
>the case in light of the charges in the indictment and
>his criminal history.

(Holton Aff. (Doc. 175-1) ¶¶ 3-5.) Petitioner has not responded to this affidavit. It is this court's opinion that there is no issue of fact that, as counsel alleges, counsel was instructed to stay in touch with Gail Jones and Ms. Jones told counsel that Petitioner did not want to appeal.

"Once [a federal criminal defendant] unequivocally instruct[s] his attorney to file a timely notice of appeal, his attorney [i]s under an obligation to do so." United States v. Poindexter, 492 F.3d 263, 269 (4th Cir. 2007). Correspondingly, an attorney has no duty to file a notice of appeal when the defendant, following advice as to the right, instructs his counsel not to appeal.

There is a significant difference in the sworn statements as to what may have occurred in the original meeting. Petitioner contends he told counsel he did want to appeal. Counsel says he was told by Petitioner that he did not wish to appeal. Even though this court finds counsel's alleged instruction from Ms. Jones uncontradicted, there is a factual issue as to whether Petitioner did or did not instruct counsel to appeal during their initial discussion. "[W]hen a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." Id. at 272. This court will therefore hold an evidentiary hearing on Petitioner's failure-to-appeal claim.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Petitioner's claims designated as Grounds Two, Three, and Four contained in his Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 161), are **DENIED** and **DISMISSED** without hearing and without issuance of a certificate of appealability;

**IT IS FURTHER ORDERED** that Petitioner's claim, set out in Ground One in the Motion to Vacate, Set Aside, or Correct Sentence, (Doc. 161), as a failure-to-appeal claim, is deferred pending an evidentiary hearing;

**IT IS FURTHER ORDERED** that, pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings, counsel shall be appointed to represent Petitioner on his failure-to-appeal claim; and

**IT IS FURTHER ORDERED** that an evidentiary hearing be held before the undersigned on Friday, November 22, 2019, at 2:00 p.m. in Greensboro Courtroom 1. The issue at the hearing will be Petitioner's failure-to-appeal claim. The Government is responsible for producing Petitioner at said hearing.

This the 30th day of September, 2019.

/s/ William L. Osteen, Jr.
United States District Judge